IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA M. TZONKOV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BERGSTROM LAW, LTD., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Anna M. Tzonkov brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Bergstrom Law, Ltd. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to

enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. Plaintiff was harmed by the conduct complained of herein, in that she was required to spend time and money defending a collection lawsuit in the wrong venue.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

9. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

10. Plaintiff Anna M. Tzonkov is an individual who resides in Chicago, Illinois.

11. Defendant Bergstrom Law, Ltd., is a law firm organized as a professional corporation with principal offices at 9555 South Eastern Avenue, Suite 200, Las Vegas, NV 89123.

12. Bergstrom Law, Ltd. is engaged in the business of using the mails and telephone to collect consumer debts owed to others.

13. Bergstrom Law, Ltd., states on its web site that "Our full-service Collections practice covers all stages of collecting on secured and unsecured notes, from the initial demand to post-judgment enforcement."  (http://www.jbergstromlaw.com/)

14. Bergstrom Law, Ltd. is a debt collector as defined in the FDCPA.

## FACTS

15. In May 2020, Plaintiff Anna Tzonkov was served by Defendant with a summons and complaint seeking to collect a student loan.

16. The complaint had been filed in the Second District of the Circuit Court of Cook County, located at 5600 Old Orchard Rd, Skokie, IL 60077.

17. The lawsuit has a 2016 number, 2016-M2-003827, but was not served until May 2020. The docket indicates that it was dismissed for want of prosecution in 2018, reinstated in early 2019, but not served until May 2020.

18. The appropriate courthouse for a lawsuit against a resident of the City of Chicago is the First District courthouse in the Daley Center, in downtown Chicago.

19. Plaintiff Anna Tzonkov has lived in the City of Chicago for more than 10 years.

20. A copy of the summons, listing the Chicago address, is in Appendix A. A copy of the return of service, stating that service was made on May 14, 2020, is in Appendix B. A copy of the complaint is in Appendix C.

21. The complaint does not allege that any document was signed by Anna Tzonkov outside the City of Chicago and does not attach any document purporting to have been so signed.

22. As a result of the improper filing, Plaintiff Anna Tzonkov was required to retain counsel and incur expense defending a lawsuit in an inconvenient forum.

23. Plaintiff was harassed, aggravated and deprived of money as a result.

## COUNT I – FDCPA

24. Plaintiff incorporates paragraphs 1-23.

25. Defendant violated 15 U.S.C. §1692i by filing and pursuing a collection lawsuit in the wrong venue. *Suesz v. Med-1 Solutions, LLC,* 757 F.3d 636 (7th Cir. 2014).

3

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

      i.     Statutory damages;

      ii.    Actual damages;

      iii.   Attorney's fees, litigation expenses and costs of suit;

      iv.   Such other and further relief as the Court deems proper.

                                                         */s/ Daniel A. Edelman*
                                                         Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Kasun Wijegunawardana
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\37040\Pleading\Complaint_Pleading.wpd

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)